## Claflin *et al. versus* Maglaughlin, Garnishee of Spottswood & Kirby.

1. S. and K. by writing assigned property of the firm, choses in action specified "to the persons hereinafter named and for the purposes herein mentioned * * * and to any other persons having a claim against the firm. * * * The design of this assignment is that the said property shall be divided among the said persons, creditors aforesaid, in proportion to their respective claims, and C. E. M., an attorney in whose hands the above-mentioned note and amounts are for collection, is directed to pay the same over to said creditors after deducting reasonable compensation for his services." *Held,* not to be an assignment requiring to be recorded under the Act of 1818.

2. Assignments, necessary to be recorded, are those in trust for creditors not those which are directly to creditors. Per GRAHAM, P. J.

3. The assignment was to all the creditors including those not named, and they took directly under it. *Id.*

[Claflin *v.* Maglaughlin.]

4. The direction to the attorney gave him no interest legal or equitable in the fund.  *Id.*

May 12th 1870.    Before THOMPSON, C. J., READ, AGNEW and SHARSWOOD, JJ.

Error to the Court of Common Pleas of *Cumberland county:* Of May Term 1870, No. 68.

This was an amicable action to April Term 1869, and case stated, in which O. S. Claflin and others, trading as Claflin, Partridge & Co., were plaintiffs, and Charles E. Maglaughlin, garnishee of Spottswood & Kirby, were defendants.

. The facts in the case require no further statement than that made by Judge Graham, President of the court below in the following opinion, which was adopted by the Supreme Court:—

" The material facts in this case are as follows : Spottswood and Kirby, partners in business, being in failing circumstances, made the following assignment to their creditors : —

" ' Know all men by these presents, that we, F. A. Kirby and James Spottswood, lately trading and doing business as Spottswood & Kirby, of the borough of Carlisle, county of Cumberland and state of Pennsylvania, do hereby assign and transfer the following described property of the said firm, to the persons hereinafter named, and for the purposes herein mentioned.'

" The property transferred is : 1. A note of Messrs. Sponsler & Strohm to the said Spottswood & Kirby for $672.82, due April 2d 1869.    2. The book accounts of the said Spottswood & Kirby.

" The persons to whom the above-mentioned property is assigned are the following :

" Here follow the names of the creditors of Spottswood & Kirby, including the plaintiffs, ' and to any other persons having a claim or demand against the said firm, and arising from the business of the said firm of Spottswood & Kirby.    The design of this assignment is that the said property shall be divided among the said persons ; the creditors aforesaid, in proportion to their respective claims against the said Spottswood & Kirby, and C. E. Maglaughlin, an attorney, in whose hands the above-mentioned note and amounts are for collection, is directed to pay the same over to the said above-mentioned creditors, after deducting a reasonable compensation for his services.'

" This assignment is dated 17th February 1869.    On the 1st of March 1869, the plaintiffs obtained judgment against Spottswood & Kirby for $425.    The plaintiffs afterwards issued an attachment execution against Spottswood & Kirby, and attached the note and book accounts in the hands of Sponsler & Strohm and C. E. Maglaughlin.

" The note and book accounts were in the hands of C. E. Mag-

[Claflin *v.* Maglaughlin.]

laughlin for collection, before the assignment made by them to their creditors.

" The only question raised is whether this is an assignment under the Act 24th March 1818, and void as against creditors not having been recorded, or whether it is an assignment made directly to creditors beneficially interested in it, and is not within the Act of 1818.

" We consider the law applicable to the facts of this case too well settled to admit of any doubt. In Chaffees *v.* Risk, 12 Harris 432, the distinction is clearly stated between assignments which require to be recorded under the Act of 1818, and assignments directly to creditors without the intervention of a trustee, which are not within the provisions of the act and are not required to be recorded. In that case it is said, ' In an assignment made directly to creditors, it is not an assignment in *trust* for creditors at all. A trust is when the *legal* estate is in one person and the *equitable* interest in another. But in the case of an assignment to a creditor for the payment of his own debt, the legal estate and the equitable interest are vested in one and the same person.' The same principle is decided in 6 Wright 441, and Henderson's Appeal, 7 Casey 502.

" In the present case there is neither *trustee*, nor *cestui que trust*. The assignment is direct to the creditors of the assignors. But plaintiffs' counsel contend that as the assignment includes, after naming the creditors, ' any other persons having a claim or demand against the said firm' that the creditors named will take property assigned for their own use and in trust for the creditors not named. But this argument is not tenable; no such trust is created by this assignment, it is as direct and positive to creditors not named (if there are any) as to those named, and they take directly under the assignment, and not by virtue of any trust reposed in others.

" Plaintiffs' counsel assume in their argument that there are creditors not named. This is denied by the defendant's counsel, who say that all the creditors known to the assignors are named, but fearing that one or more creditors, to small amounts, might have been overlooked, and desiring to distribute their property among all their creditors, the clause including creditors not named was inserted. In this conflict of assertion by counsel we can only say that it is no part of the facts stated, that there are creditors not named in the assignment, and we cannot presume facts outside of the case stated.

" The plaintiffs' counsel further allege that by the assignment Mr. Maglaughlin is made a trustee for the creditors. The claims were placed in Mr. Maglaughlin's hands for collection before the assignment was made, and it only contains a direction that he shall pay over to the creditors the money when collected, after deduct-

[Claflin *v.* Maglaughlin.]

ing a reasonable compensation for his services. This gives him no interest in the fund, legal or equitable. The claims were in his hands before the assignment to creditors was made. The ordinary relation of counsel and client subsisted, nothing more, and it cannot be that an assignment of a claim by a debtor to a creditor, which is in the hands of counsel for collection, must be recorded to give it validity.

" This case nearly resembles Henderson's Appeal, 7 Casey 502. In that case certain claims in the hands of Mr. Richmond, an attorney, for collection, were *assigned* to him for the use of certain New York creditors, and although the claims were *assigned* to the attorney who held them for collection, not a mere direction to pay, as in this case, the court held the assignment was not within the Act of 1818, and the claims could not be attached.

" The plaintiff has certainly no equity to urge in this case. He will come in with the other creditors under the assignment; but not satisfied with this he attempts to secure more than one-half of the claims assigned. Equality, it is said, is equity, and in this case we consider it both law and equity. Assignments of small amounts, honestly made for the use of all the creditors of an insolvent, have been favorably considered by our courts. The cumbrous proceedings under the Act of 1818 are expensive. Recording deed, appointment of appraisers, filing inventory, settlement of account in court, distribution by an auditor, percentage of assignee and fees of counsel, when the estate is small, leave but little for creditors, and where a fair and just distribution can be made by counsel in whose hands the claims have been placed, assignments such as the present are equally beneficial to debtor and creditors.

" For the reasons stated, we direct judgment to be entered for the defendant."

Entering judgment for the defendant was assigned for error by the plaintiff, who removed the case to the Supreme Court.

*W. H. Miller,* for plaintiff in error, cited : Chaffees *v.* Risk, 12 Harris 432 ; Henderson's Appeal, 7 Casey 502 ; Lucas *v.* The Sunbury and Erie R. R., 8 Id. 458; Driesbach *v.* Becker, 10 Id. 152; Englebert *v.* Blanjot, 2 Wharton 240 ; Watson *v.* Bagaley, 2 Jones 165. Act of March 24th 1818, § 5, 7 Smith's L. 132, Purd. 61, pl. 6.

*C. E. Maglaughlin* cited the same authorities: also Vallance *v.* Miners' Insurance Company, 6 Wright 441.

The opinion was delivered, July 7th 1870.

PER CURIAM.—The judgment on the case stated, entered in the court below in this case, is fully sustained by the authorities re-

[Claflin *v*. Maglaughlin.]

ferred to in the opinion of the learned judge, to which may be added, The York County Bank *v*. Carter, 2 Wright 446. For the reasons so well given by the learned judge, we affirm the judgment.

Judgment affirmed.