# Wood *v.* Kerkeslager, Appellant.

*Bankruptcy—Assignment—Preferences—Collateral security—Appeals —Practice, C. P.—Affidavits of defense—Supplemental affidavit—Act of March 24, 1818, P. L. 285—Act of April 17, 1843, P. L. 273—Act of April 18, 1874, P. L. 64.*

1. The extent of indulgence by a court below in allowing supplemental affidavits of defense to be filed is largely in its discretion; but this indulgence is not to be extended after a case has been finally heard and passed upon by an appellate court, except for legal or equitable reasons, of which the defendant could not have availed himself when his original affidavit of defense was filed.

2. The provision in the Act of April 18, 1874, P. L. 64, that judgment shall be entered for the plaintiff where the refusal of judgment for want of a sufficient affidavit of defense has been reversed by the appellate court unless "other legal or equitable cause" shall be shown, means a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own.

3. Where an original affidavit of defense, setting forth that an assignment sued upon is void because it contravenes the Federal Bankruptcy Law is held good by the court below but upon appeal is held to be insufficient, a supplemental affidavit, setting up that the assignment is void under the state assignment Acts of March 24, 1818, P. L. 285, and April 17, 1843, P. L. 273, should not be permitted to be filed after the return of the record and motion by plaintiffs for judgment.

4. The assignment Acts of March 24, 1818, P. L. 285, and April 17, 1843, P. L. 273, have no application to an assignment made directly to a creditor, either in satisfaction of a claim or as collateral security for it, and the fact that after the direct assignment and independently of it a trustee is created by the assignee and assignor together for their joint benefit will not bring the assignment within the acts.

Argued Jan. 20, 1910. Appeal, No. 334, Jan. T., 1909, by defendants, from judgment of C. P. No. 5, Philadelphia Co., June T., 1908, No. 2,606, for want of sufficient affidavit of defense in case of William Wood and John P. Wood, trading as William Wood & Company v. Irvin C. Kerkeslager, Lewis Willey and Joseph M. Adams, Trustees in Bankruptcy of

Alexander Crow, Jr., appellants. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Assumpsit arising out of an interpleader.

Rule for judgment for want of a sufficient affidavit of defense. Before RALSTON, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was entry of judgment for want of a sufficient affidavit of defense.

*James F. Campbell* and *W. W. Porter*, of *Porter, Foulkrod & McCullagh*, and with them, *Joseph L. Greenwald*, for appellants.—The assignment is void under the act of March 24, 1818, for want of recording, or enures to the benefit of all the creditors by virtue of the act of April 17, 1843: Watson v. Bagaley, 12 Pa. 164; Wallace & Krebs v. Wainwright, 87 Pa. 263; Johnson's App., 103 Pa. 373; Fox v. Curtis, 176 Pa. 52; Mann v. Wakefield, 179 Pa. 398; Huey v. Prince, 187 Pa. 151.

The act of June 4, 1901, with its repealing clauses, is suspended during the pendency of the federal bankruptcy act: Gas Co. v. Haskell, 172 Fed. Repr. 545; Potts v. Smith Mfg. Co., 25 Pa. Superior Ct. 206; Hull's Est., 10 Pa. Dist. Rep. 661; Dolhenty's Est., 11 Pa. Dist. Rep. 187; Boggs's Est., 11 Pa. Dist. Rep. 188; Cassel's Est., 13 Pa. Dist. Rep. 637; Ranck's Est., 14 Pa. Dist. Rep. 496; In re Assignment of Clark Electrode Co., 15 Pa. Dist. Rep. 64; Bank v. Gass, 29 Pa. Superior Ct. 125; McMullen's Petition, 26 Pa. C. C. Rep. 157; Johnson v. Crawford & Yothers, 154 Fed. Repr. 761; Ketcham v. McNamara, 72 Conn. 709 (40 Atl. Repr. 146).

*John G. Johnson*, with him *W. B. Linn*, for appellees.—The assignment acts of 1818 and 1843 were expressly repealed by the Act of June 4, 1901, P. L. 404, a statute which is in force in Pennsylvania except when it actually conflicts with the bankrupt act in administration of an estate, and then the conflicting portions are not enforceable because of the federal statute, but the nonconflicting portions are always enforce-

able: Randolph v. Scruggs, 190 U. S. 533 (23 Sup. Ct. Repr.
710); Beck v. Parker, 65 Pa. 262; Mayer v. Hellman, 91 U. S.
496; Boese v. King, 108 U. S. 379 (2 Sup. Ct. Repr. 765);
Steinruck's Insolvency, 225 Pa. 461; Hull's Est., 10 Pa. Dist.
Rep. 661; Zacharias v. Paint, etc., Co., 11 Pa. Dist. Rep. 171;
Lobach v. Riegel, 11 Pa. Dist. Rep. 533; Patty-Joiner v.
Cummins, 57 S. W. Repr. 566; Reed v. McIntyre, 98 U. S.
507.

OPINION BY MR. JUSTICE BROWN, March 28, 1910:

The original affidavit of defense in this case was held to be
good by the court below, but, upon appeal, it was held to be
insufficient: Wood v. Kerkeslager et al., 225 Pa. 296. Upon
return of the record the plaintiffs moved for judgment. This
motion was followed three days later by a supplemental affi-
davit of defense. A rule was thereupon again taken for judg-
ment for want of a sufficient affidavit of defense, and, having
been made absolute, we now have the appeal of the defend-
ants.

It does not appear from the record that the supplemental
affidavit of defense was filed by leave of court. Under the
circumstances the appellants were not entitled to such leave,
and, if asked for, it should have been refused. In holding that
the original affidavit of defense was insufficient this court
directed the record to be remitted and that judgment be en-
tered for the plaintiffs unless "other legal or equitable cause
be shown why such judgment should not be entered." These
are the words of the Act of April 18, 1874, P. L. 64, under
which we are authorized to direct judgment to be entered for
want of a sufficient affidavit of defense upon an appeal from
the refusal of the court below to enter it, but a reasonable con-
struction is to be given to them. It surely was not intended
by the legislature that if a defendant should succeed in satisfy-
ing the court below that his affidavit of defense was good,
and, on appeal, it should be held to be insufficient, he should
have the privilege of renewing his effort to defeat the plaintiff
by filing another affidavit of defense on a matter which was
known, or ought to have been known, to him when his original

affidavit of defense was filed.  If such license is to be given to a defendant, a plaintiff will succeed in obtaining judgment for want of a sufficient affidavit of defense only after the wit and ingenuity of client and counsel have been exhausted in setting forth new defenses after repeated reversals and directions by this court to enter judgment.  If the court below should have regarded this supplemental affidavit of defense as good, and, on appeal, we should now hold differently and remit the record with the same order that was made on the first appeal, the plaintiffs might be confronted with a third affidavit of defense, regarded as good by the court below, and their case would become a mere shuttlecock between two judicial battledores.  "Other legal or equitable cause" which a defendant may show to the court below why judgment should not be entered against him after the appellate court has held his affidavit of defense to be insufficient is a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own.  A single illustration will suffice.  A legal reason would be the death of the defendant after the appeal was taken, and an equitable reason for withholding judgment from the plaintiff and permitting an additional affidavit of defense to be filed would be the discovery of a material fact by the defendant during the pendency of the appeal from the refusal of the court below to enter judgment against him, just as after-discovered evidence is often sufficient to move the discretion of a court to grant a new trial to the defeated party. But no such situation is here presented.  The defendants had their full day in court, and could have set up what they now allege is a good defense, but neglected to do so.

The disposition of a case on a statement and affidavit of defense is analogous to that of judgment by the court upon the whole record after a jury trial.  Every allegation in the statement not denied in the affidavit of defense is to be regarded as an undisputed fact; and every averment in the affidavit of defense is to be taken as true.  If from them it appears that no fact is to be found by a jury, the case is as ripe for judgment as it could be after submission to a jury under evidence dis-

closing nothing to be passed upon by them. After a jury trial
and when the court is about to enter judgment upon the whole
record non obstante veredicto, its judgment is not to be
arrested because the defendant failed to prove an alleged ma-
terial fact which he knew was in existence at the time of the
trial, nor is he to be permitted to set up an additional legal de-
fense which he might have set up either on the trial or on the
argument of the motion for judgment. This is just the situ-
ation here. The original affidavit of defense alleged the assign-
ment by Crow to the appellees to be "void," because it con-
travened the federal bankrupt law. The allegation in the
supplemental affidavit of defense is that it is "void" under
our assignment Acts of March 24, 1818, P. L. 285, and April 17,
1843, P. L. 273, the contention of counsel for appellants being
that these acts are still in force, as the Act of June 4, 1901,
P. L. 404, with its repealing clauses, is suspended during the
pendency of the federal bankrupt act. Without now passing
upon the question of the suspension of the act of 1901, it is
sufficient to say that if the assignment to the appellees was
void under the acts of 1818 and 1843, the defendants so knew
when their original affidavit of defense was filed. Interest
rei publicæ ut sit finis litium, and the practice of filing a supple-
mental affidavit of defense under the circumstances just stated
is not to be sanctioned. The extent of indulgence by a court
below in allowing supplemental affidavits of defense to be filed
is largely in its discretion: Andrews v. Packing Company, 206
Pa. 370; but this indulgence is not to be extended after a case
has been finally heard and passed upon by an appellate court,
except for legal or equitable reasons, of which the defendant
could not have availed himself when his original affidavit of
defense was filed. Apart from all this, however, the supple-
mental affidavit of defense is not good.

The assignment from Crow was direct to the appellees, and
they took through no trustee. It is as follows: "For valuable
consideration and for the sum of $1.00 paid to the first party
by the second party, the receipt whereof is hereby acknowl-
edged, the first party does hereby assign, transfer and set over
unto the second party the sum of $17,914.59, with interest

from date hereof, out of the amount of compensation presently to be determined and payable by the city of Philadelphia to the first party in the matter of the opening of the Parkway between Logan Square and Spring Garden street." Following this assignment there was a stipulation in the agreement between Crow and the appellees that J. Lee Patton, an attorney-at-law, should receive and collect the said compensation from the city, and out of the sum to be collected by him, after making certain deductions, he was to pay to the appellees the amount due them under the assignment. In holding that the power of attorney to Patton was irrevocable we said, in sustaining plaintiffs' appeal, that it had constituted him a trustee for the collection of the whole fund. And so he was, but not by virtue of the assignment from Crow to the appellees. The distinction between an assignment to a trustee so named or constituted in a deed of assignment and a trustee created by the assignee and the assignor together for their joint benefit, independently of and after a direct assignment to the assignee, seems to be overlooked by the learned counsel for the appellants. Again, the assignment was not only direct to the appellees, but was as collateral security for Crow's indebtedness to them, as clearly appears in the last clause of the agreement and as was admitted by counsel for appellants on the former appeal. Bearing with the contention of appellants that the acts of 1818 and 1843 are now in force, it is not an open question that the assignment to the appellees is not within the provisions of either. The act of 1818 defines what assignments are to be void if not recorded. They must be voluntary assignments of a debtor " to any person or persons in trust for the use of his, her or their creditors, or in trust for the use of such person or persons to whom such assignment may be so made and the other creditors of such assignor." The assignment must be in trust for all the creditors of the assignor, or to the trustee as one of them for the use of himself and the other creditors. An assignment made directly to a creditor, either as collateral security or in satisfaction of his debt, is not an assignment in trust and need not be recorded under the act of 1818. This was first so decided in Chaffees

v. Risk, 24 Pa. 432, which was followed by Henderson's Appeal, 31 Pa. 502; Vallance et al. v. Miners' Life Insurance Co., 42 Pa. 441, and Claflin v. Maglaughlin, 65 Pa. 492. Under the act of 1843 an assignment inures to the benefit of all creditors only when it is made to a trustee. The act has no application when the assignment is directly to the creditor himself, either in satisfaction of his claim or as collateral security for it: Penn Plate Glass Co. v. Jones, 189 Pa. 290.

The assignments of error are overruled and the judgment is affirmed.