## Norris v. Breakwater Company, Appellant.

*Appeals—Failure of court below to write opinion—Remitting record.*

Where the court below fails to file an opinion, in making absolute a rule for judgment for want of a sufficient affidavit of defense, and merely enters an order "rule absolute," the record will be remitted so that the court below may indicate its reasons for its action.

Argued March 23, 1911.   Appeal and certiorari, No. 3, Jan. T., 1911, by defendant, from order of C. P. No. 4, Phila. Co., March T., 1910, No. 8, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Edward W. Norris v. The Breakwater Company. Before Brown, Mestrezat, Potter, Elkin and Stewart, JJ.   Record remitted.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Supreme Court states the case.

*Error assigned* was order making absolute rule for judgment.

*John Kent Kane,* with him *Emanuel J. Myers,* for appellant.

*F. S. Laws,* of *Lewis, Adler & Laws,* for appellee.

Per Curiam, March 27, 1911:

The affidavit of defense in this case covers seventeen pages of printed matter in appellant's paper-book.   Judgment was entered against the defendant for its alleged insufficiency.   The court below must have had reasons for deeming it insufficient, but what they were we do not know.   No specifications of insufficiency were filed by the appellee, and all that we have from the court below is "Rule absolute."   In such a case the reason or reasons

entertained by the court for holding the affidavit of defense insufficient should be given, and the record is remitted that we may be informed why this affidavit was deemed so. The duty is not ours in the first instance of saying why an affidavit of defense is insufficient. Upon return of the record leave will be granted to move to advance the hearing of the appeal.