# Norfolk & Western Railway Company, Appellant, v. Swift & Company.

*Practice, C. P.—Affidavit of defense—Supplemental affidavit—Appeals —Reversal—Judgment.*

1. The provision of the Act of April 18, 1874, P. L. 64, that judgment shall be entered for the plaintiff where the refusal of judgment for want of a sufficient affidavit of defense has been reversed by the appellate court unless "other legal or equitable cause" shall be shown, means a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own.

2. In such a case, where the defendant after reversal, files without leave of court a supplemental affidavit of defense, averring a fact, the existence of which was perfectly well known to him at the time the original affidavit was filed, and the court below discharges a rule for judgment, the appellate court will again reverse the judgment, but in doing so will again have to order that judgment shall be entered for plaintiff, "unless other legal or equitable cause" shall be shown, why judgment should not be so entered.

Argued Dec. 16, 1914.   Appeal, No. 203, Oct. T., 1914, by plaintiff, from order of C. P. No. 1, Phila. Co., Sept. T., 1912, No. 3,498, discharging rule for judgment for want of a sufficient affidavit of defense in case of Norfolk & Western Railway Company v. Swift & Company.   Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ.   Reversed.

Rule for judgment for want of a sufficient affidavit of defense.   See Nor. & West. Ry. v. Swift & Co., 56 Pa. Superior Ct. 471.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*F. Markoe Rivinus*, with him *Theodore W. Reath*, for appellant, cited: Wood v. Kerkeslager, 227 Pa. 536.

*M. Hampton Todd*, for appellee.

OPINION BY HEAD, J., April 19, 1915:

A brief examination will show that the precise question which must control the disposition of the case now before us has been recently settled by the highest authority. To the plaintiff's statement of claim the defendant filed an affidavit of defense and thereafter a supplemental one. The theretofore amicable relations of the parties had not been severed by reason of any new state of facts arising, as to the effect of which they were unable to agree. Carefully written contracts had expressed the conditions under which the side-track in question had been built, paid for, and had stated the rights and obligations of the parties as to its operation and use. When the plaintiff railroad company brought this action, every fact that could in any way materially affect the rights of either party was perfectly known to both.

After the filing of the affidavits of defense referred to the plaintiff took a rule for judgment for want of a sufficient affidavit. The learned court below, after hearing, discharged that rule, and the plaintiff appealed: Norfolk & Western Railway Co. v. Swift & Co., 56 Pa. Superior Ct. 471. The defendant, fully apprised, as we have said, of every fact material to the case, planted its defense on legal lines. It contended that under a proper construction of the existing contracts between the parties fixing its rights to the use of the siding in question, it was not liable to the payment of demurrage on its own cars. To present its line of defense more accurately we quote the language of Judge HENDERSON's opinion in the former appeal, to wit: "The defense presented is that the switch was constructed as a trade convenience at the cost of the defendant; that it was used exclusively for shipments to it; that the cars in use in such shipments were the private property of the defendant and that therefore no obligation for demurrage could arise from delay in unloading the cars at the warehouse. That the cars would be subject to demurrage unless

the defendant is relieved by the contracts referred to does not seem to be disputed." Upon a careful consideration of the whole question thus presented this court reached the conclusion that the affidavits of defense filed disclosed no ground legally sufficient to prevent a judgment in favor of the plaintiff. We therefore reversed the order of the court below discharging the rule for judgment and remitted the record with direction to enter judgment for the plaintiff "unless other legal or equitable cause be shown to the court below why judgment should not be entered."

Upon the return of the record, the defendant, without asking or obtaining leave of the court below, and without the presentation of any petition for such leave showing legal or equitable cause, filed a new affidavit of defense in which it undertook to deny its liability for demurrage by reason of the averment of a certain fact, the existence of which had been perfectly well known to it at the time the original affidavits were filed. The plaintiff thereupon took a second rule for judgment, and this rule was again discharged by the learned court below and this appeal comes from the order discharging such second rule.

In Wood v. Kerkeslager, 227 Pa. 536, the Supreme Court has declared the true force and effect of such a judgment as was entered by this court on the former appeal in accordance with the terms of the statute. In that case the original affidavit of defense was held to be good by the court below, but upon appeal it was determined to be insufficient. Upon the return of the record, with the same statutory order as was made by this court in the present case, the defendant interposed a new affidavit without asking or obtaining leave of the court. Upon a second rule for judgment the court below, in that case, made the rule absolute and the defendant appealed. In the course of his opinion the present chief justice says: "It does not appear from the record that the supplemental affidavit of defense

was filed by leave of court.   Under the circumstances the appellants were not entitled to such leave, and, if asked for, it should have been refused.   In holding that the original affidavit of defense was insufficient this court directed the record to be remitted and that judgment be entered for the plaintiffs unless 'other legal or equitable cause be shown why such judgment should not be entered.'   These are the words of the Act of April 18, 1874, P. L. 64, under which we are authorized to direct judgment to be entered for want of a sufficient affidavit of defense upon an appeal from the refusal of the court below to enter it, but a reasonable construction is to be given them. . . .   'Other legal or equitable cause' which a defendant may show to the court below why judgment should not be entered against him after the appellate court has held his affidavit of defense to be insufficient is a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own."   The learned justice then proceeds by apt illustrations to indicate what would be a legal or equitable cause within the contemplation of the statute that ought to stay the hand of the court in entering the directed judgment and then adds: "But no such situation is here presented.   The defendants had their full day in court, and could have set up what they now allege is a good defense, but neglected to do so."

Applying, as we must, the authoritative doctrine just stated to the case in hand, we can only conclude that the plaintiff is entitled to the judgment it seeks.   But we still have an appeal by the plaintiff from the refusal of the court below to enter judgment in its favor for want of a sufficient affidavit of defense.   Were it not for the statute, such order or decree would be but an interlocutory one and no appeal would lie.   We therefore must again follow the direction of the statute in the entry of our judgment.

The decree discharging the rule for judgment is re-

versed and the record is remitted to the court below with direction to enter judgment for the plaintiff unless other legal or equitable cause be shown to the court below why judgment should not be entered.