# Norfolk & Western Railway Company *v.* Swift, Appellant.

*Practice, C. P.—Affidavit of defense—Supplemental affidavit—Appeals—Reversal—Judgment.*

The provision of the Act of April 18, 1874, P. L. 64, that judgment shall be entered for the plaintiff where the refusal of judgment for want of a sufficient affidavit of defense has been reversed by the appellate court unless "other legal or equitable cause" shall be shown means a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own.

In such case, where the defendant after reversal, files without leave of court a supplemental affidavit of defense, averring a fact, the existence of which was perfectly well known to him at the time the original affidavit was filed, and the court below discharges a rule for judgment, the appellate court will again reverse the judgment, but in doing so will again have to order that judgment shall be entered for plaintiff, "unless other legal or equitable cause" shall be shown, why judgment should not be so entered.

If after such reversal the defendant does nothing more than ask the court below for leave to mark filed nunc pro tunc the supplemental affidavit of defense, and the court refuses the motion, and enters judgment for plaintiff, its action will be sustained on appeal; and this is the case although the court based its decision on another ground than that raised by the supplemental affidavit of defense, if it appears that such question, although not passed upon, was directly raised by the affidavit of defense originally filed.

Argued Nov. 30, 1915.   Appeal, No. 189, Oct. T., 1915, by defendant, from order of C. P. No. 1, Philadelphia Co., Sept. T., 1912, No. 3498, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Norfolk & Western Railway Company v. Swift & Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.   See Norfolk & Western Railway Company v. Swift & Co., 59 Pa. Superior Ct. 603.

From the record it appeared that after the reversal plaintiff filed a motion for judgment on the record and the defendant filed a motion for leave to mark filed nunc pro tunc the supplemental affidavit of defense filed June 8, 1914.

The court thereupon dismissed defendant's motion and granted plaintiff's motion for judgment. Whereupon the damages were assessed at $999.11 and defendant appealed.

*Error assigned* was the order of the court.

*M. Hampton Todd,* for appellant.

*F. Markoe Rivinus* with him *Theodore W. Reath,* for appellee.

PER CURIAM, April 17, 1916:

This case has been here twice before. Little need be added to what was then said by this court.

The cases cited by appellant's counsel do not involve the construction of the Act of April 18, 1874, P. L. 64. But that subject was directly before the Supreme Court in Wood v. Kerkeslager, 227 Pa. 536, and after elaborate consideration it was held: " 'Other legal or equitable cause' which a defendant may show to the court below why judgment should not be entered against him after the appellate court has held his affidavit of defense to be insufficient is a cause which did not exist when the affidavit of defense was filed, or, if it did exist, the defendant was ignorant of it through no fault of his own." This construction of the act was followed and applied by this court when the case was here the second time: 59 Pa. Superior Ct. 603. The defendant's motion, made in the court below after the record was remitted, to have its supplemental affidavit of June 8, 1914, marked as filed by the leave of a court nunc pro tunc does not change the situation, as will be seen by a perusal of Judge

HEAD'S opinion.   But we are asked, in effect, to recon-
sider and overrule that decision, and in support of this
it is argued that what the Supreme Court said upon the
subject in Wood v. Kerkeslager was "beside the question
that was before the court for decision."   It is true, as
shown by the opinion of the present Chief Justice, the
court could have affirmed the judgment without ex-
pressing an opinion upon the subject now under discus-
sion.   It is to be observed, however, that the question was
not a merely collateral one, but was directly raised by
the record; it does not detract from the "binding author-
ity" of the court's deliberate and thoroughly considered
decision of it that the judgment could have been affirmed
on another ground: Orkney Street, 9 Pa. Superior Ct.
604, affirmed by Supreme Court in 194 Pa. 425.   As was
remarked in the case just cited, it is more in accordance
with sound principle to say that the general rule upon
the subject laid down by the Supreme Court in such a
case ought to be followed by all the other courts of the
State until it is modified or qualified, unless it can be
shown that the particular case for decision differs in
essential facts, is clearly not within the reason of the
rule, and therefore, presumably, was not intended to be
embraced within the rule itself.

The judgment is affirmed.