## Permutit Co. *v.* Wallace, Appellant.

*Affidavit of defense — Sufficiency — Vague and indefinite averments—Action for purchase price—Failure to deliver article contracted for—Contract—Certificate of architect.*

1. In an action for balance of purchase price of water softening filter plant which the plaintiff delivered under a contract

which merely called for a filter seven feet six inches inside diameter and sixteen feet high with a capacity of 100,000 gallons in twelve hours, an affidavit of defense is insufficient, which avers that plaintiff failed to deliver a filter of the required dimensions of sixteen feet from the "bottom to the top of the well" and instead delivered one of a different capacity and size, namely, 14 feet 3⅛ inches "outside height from the bottom to the top of the swell of the top and bottom" without any averment that in the trade a 16-foot filter meant 16 feet from the "bottom to the top of the swell" and without averment as to the inside diameter, nor an averment that the filter did not have a capacity of 100,000 gallons in twelve hours as provided in the contract.

2. Where the purchase price became due absolutely by the terms of the contract within a stated time after delivery of the materials, it seems that defendant would not be relieved of his obligation to pay by the absence of an architect's certificate, if the architect was no longer in defendant's employ.

Argued Jan. 21, 1919. Appeal, No. 140, Jan. T., 1919, by defendant, from judgment of C. P. No. 3, Philadelphia Co., Jan. T., 1918, No. 539, for want of a sufficient affidavit of defense in the case of the Permutit Company v. Richard L. Wallace, trading as Richard L. Wallace & Co. Before STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Action in assumpsit to recover balance of purchase price for a filter plant. Before FERGUSON, J.

Rule for judgment for want of a sufficient affidavit of defense made absolute. Damages assessed at $2,000.54. Defendant appealed.

*Error assigned* was in entering judgment for want of a sufficient affidavit of defense.

*Joseph W. Kenworthy,* with him *Caroline K. Kenworthy,* for appellant.

*George J. Edwards, Jr.,* with him *Hazelton Mirkil, Jr.,* for appellee.

OPINION BY MR. JUSTICE FRAZER, February 17, 1919:

This appeal, by defendant, is from the action of the court below making absolute a rule for judgment for want of a sufficient affidavit of defense in an action for the balance of the purchase price of a water softening filter plant.

The contract called for installation of a filter seven feet six inches inside diameter and sixteen feet high, with a guaranteed capacity of 100,000 gallons in twelve hours; the apparatus, materials and installment to·be subject to the approval and satisfaction of defendant's mill engineer and architect; acceptance of the apparatus to be on written notice from the architect. The contract price was $6,570, to be paid: $3,000, on delivery of the materials at defendant's plant; $1,600, sixty days thereafter, and the balance in ninety days.

Plaintiff's statement averred that on January 15, 1916, it delivered all necessary materials at defendant's plant and received the sum of $3,000 upon certificate of the architect, as per agreement, and that on April 24th following it received a further sum of $1,600, pursuant to certificate of the architect issued March 15th. On April 15, 1916, a further certificate for the final payment was given by the architect, who called attention of plaintiff to the fact that the provisions of the contract did not contemplate delay in settlement until the equipment was in service and that payment of the final installment must not be considered as acceptance of defective work, or relieve from the guaranty of the operation of the plant.

The affidavit of defense avers plaintiff failed to deliver a filter of the required dimensions but instead delivered one of a different capacity and size, namely, fourteen feet three and one-eighth inches "outside height from the bottom to the top of the swell of the top and bottom" whereas plaintiff agreed to deliver a filter sixteen feet in height on the main part, not inclusive of the swell of the top and bottom, and "the filter delivered is therefore not in accord with size, measurement or ca-

pacity with the filter which plaintiff agreed to deliver."
Reference to the contract fails to confirm this allegation.
That writing merely calls for a filter sixteen feet in
height.   There is no averment that in the trade a sixteen-
foot filter meant sixteen feet from the "bottom to the top
of the swell."   We find no explanation of this equivocal
statement.   Nor does the affidavit give the inside diam-
eter.   Neither is it alleged the filter did not have a ca-
pacity of 100,000 gallons in twelve hours as provided in
the contract.  The same general vague and defective aver-
ments appear in the statement of counterplaint.   Such
allegations are entirely too evasive and indefinite to form
the basis of a conclusion that the filter furnished by
plaintiff was not substantially identical with the one
described in the contract.

In view of the insufficiency of the affidavit to estab-
lish a failure to deliver the filter in accordance with the
agreement, consideration of the insufficiency of the ex-
cuse for delay in rescinding the contract is unnecessary,
besides no ground for the rescission appears.

Defendant also alleges that before the voucher author-
izing final payment was issued by the architect his busi-
ness relations with defendant had ceased, and he was at
the time without authority to furnish a certificate and
bind defendant.   The amount certified under the con-
tract, however, was in fact due, as shown above; ac-
cordingly no adequate defense was made to appear.
Payment was not in any sense dependent upon the ac-
ceptance of the apparatus by defendant.   In fact, the
form of voucher expressly provided that payment should
not be considered as an acceptance of defective work.
The money became due absolutely by the terms of the
contract within a stated time after delivery of the ma-
terials on the ground and if, as averred by defendant,
the architect was no longer in his employ, defendant
would not be relieved of his obligation to pay by the ab-
sence of such certificate.  This obligation was recognized
by defendant in his letter of April 26, 1918.   Accordingly,

he was not harmed in any manner by the act of the architect even though committed without authority and after his employment by defendant had terminated.   Regardless of this question, however, inasmuch as the averments referring to the nondelivery of the device contracted for are insufficient and, consequently, the money actually due, the question of authority of the architect becomes immaterial.

The judgment of the court below is affirmed.