# Meskill *v.* The Firemen's Pension Fund of Philadelphia, Appellant.

*Practice, C. P.—Affidavit of defense—Motion for judgment for want of—"Rule Absolute"—Meaning.*

On motion for judgment for want of a sufficient affidavit of defense, the court made an entry, "May 17, 1920, Rule Absolute." That entry is a final judgment in favor of the plaintiff.

Where for many years it has been the custom in the Common Pleas of Philadelphia to interpret such words as equivalent to the

more formal entry of judgment, the appellate courts will so consider them.

An appeal is too late which is taken six months after such entry by the court, and will be quashed.

Argued December 20, 1920.   Appeal, No. 354, Oct. T., 1920, by defendant, from judgment of C. P. No. 4, Phila. County, June T., 1919, No. 5583, making absolute rule for judgment for want of a sufficient affidavit of defense in the case of John J. Meskill v. The Firemen's Pension Fund of Philadelphia, a corporation.   Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ.   Appeal quashed.

Assumpsit to recover sum claimed to be due as a pension.   Before FINLETTER, J.

The opinion of the Superior Court states the case.

Rule for judgment for want of a sufficient affidavit of defense.

The court made absolute the rule.   Defendant appealed.

*Error assigned* was the order of the court.

*Franklin Spencer Edmonds,* and with him *Edward F. Leiper, Jr.,* for appellant.

*Joseph M. Smith,* for appellee.

OPINION BY LINN, J., March 5, 1921:

It is necessary to consider only the motion to quash. The appeal is from judgment for want of a sufficient affidavit of defense.   Appellee says the appeal is too late.   Appellant suggests it is premature and for that reason may be quashed.   Section 17 of the Practice Act of 1915, P. L. 483, provides: "......The plaintiff may take a rule for judgment for want of a sufficient affidavit of defense to the whole or any part of his claim, and the court shall enter judgment or discharge the rule, as

justice may require......"  Plaintiff took a rule for judgment for want of a sufficient affidavit of defense, and, after due consideration it was disposed of by the learned court below by entering upon the record of the case "May 17, 1920 Rule absolute"; an opinion stating the basis of this action was filed, concluding "For these reasons......we have entered judgment for the plaintiff for the installment of pension sued upon."

This appeal was not taken until November 22, 1920, more than six months after the action of the court of May 17th and therefore too late, if by that action the court shall have entered judgment within the meaning of section 17.  If the court has not entered judgment, the appeal is premature.

Judgment is the sentence of the law pronounced by the court upon the matter contained in the record: 3 Blk. 395.  Did the court enter judgment?  What is meant by the entry "May 17, 1920 rule absolute" in the circumstances of this case?  We have quoted from its opinion, what the court intended it to mean.  Usage may determine the meaning or meanings of words or phrases. Is there any good reason why we should not understand the words in the sense intended by the learned court? If it appear that it has been common practice for courts to enter judgment for want of a sufficient affidavit of defense by the short entry in question we must accept it. For many years in the Common Pleas of Philadelphia, the words in question have been interpreted as the entry of judgment.  On appeal they have been so considered, as any cursory examination of recent State reports will show.  In Faux v. Fitler, 223 Pa. 568, "rule absolute" was treated as the entry of judgment,—the Supreme Court saying, "The court below entered judgment......" In Wood v. Kerkeslager, 227 Pa. 536, on appeal from a like order, it was said: "A rule was thereupon again taken for judgment for want of a sufficient affidavit of defense, and, having been made absolute, we now have the appeal of the defendants."  Norris v. Breakwater

Co., 231 Pa. 163, is another instance. Though different phraseology on this subject is employed in the Practice Act from that contained in the Act of 1887, the same effect seems to be attributed to the entry since the Practice Act became effective, for in Permutit Co. v. Wallace, 264 Pa. 9, the appeal was "from the action of the court below making absolute a rule for judgment for want of a sufficient affidavit......" See also Wayne Title, etc., Co. v. Treat, and Chatham, etc., Bank v. Tull, decided February 14, 1921. The late Judge RALSTON who helped draft the statute apparently was of opinion that no change was made in this regard: 72 Leg. Int. 815, col. 3.

In Pierson v. Krause, 208 Pa. 115, where the court below expressed its judgment on a rule for judgment for the amount as to which the affidavit of defense was insufficient, by "rule absolute for $2,907.57," the Supreme Court returned the record so that the court might adjudge "specifically the portion or portions of the affidavit of defense which it deems insufficient as to the portion of the claim for which judgment is asked." It was not suggested that the judgment was bad because of the short entry. In Smucker v. Grinberg, 27 Pa. Superior Ct. 531, one of the assignments of error was "Because the learned court did not file an opinion and gave judgment by the simple entry 'rule absolute.'" It was not suggested that judgment had not been entered, and President Judge RICE said, page 537: "The making absolute of the rule to show cause necessarily implied an adjudication that the portion of the affidavit of defense relative to that claim was insufficient in law." See to the same general effect Moore v. Eyre, 32 Pa. Superior Ct. 259; Lance v. Bonnell, 105 Pa. 46, 48; Fisher v. Railway Co., 185 Pa. 602, 605.

In some counties we understand the rules of court require that notwithstanding the short entry "rule absolute," an order to the prothonotary to enter judgment formally is necessary. Perhaps that is the better prac-

tice. But in view of the well established local usage as to the legal effect of the entry rule absolute, as has been indicated, and in view of the consequences that might follow a decision that judgments so entered and acted upon since the Practice Act became effective were not judgments at all, we must hold that this record shows that a final judgment, from which an appeal will lie, was entered on May 17, 1920, and that this appeal is too late.

The motion is granted and the appeal is quashed.