## Eugene S. Reilly & Co. v. Kristufek.

*Practice, C. P.—Amendment—Affidavit of defence—Contract—Sunday—Costs—Act of May 14, 1915, P. L. 483.*

Where, at the trial of an action on a contract, it is developed that the contract was signed on a Sunday, the court may continue the case, grant a rule to show cause why the affidavit of defence may not be amended, and subsequently make the rule absolute on condition that the defendant pay the costs occasioned by the granting of the rule.

Motion to file amended affidavit of defence.  C. P. Crawford Co., Nov. T., 1923, No. 6.

*Donald C. Thompson,* for plaintiff; *Thomas & Thomas,* for defendant.

PRATHER, P. J., Sept. 2, 1924.—In the midst of the trial of this case it developed that the contract, or one of the contracts in question, was executed on Sunday, whereupon counsel for defence moved to amend his affidavit of defence by setting up this fact.  Out of caution, we granted a rule to show cause, a juror was withdrawn and the case continued.  Plaintiff resists the application, and the question now before us is whether the General Practice Act of 1915 permits or prevents filing an amendment under such circumstances.

Section 21 of the General Practice Act provides: "The court, upon motion, . . . may allow an amendment or a new pleading to be filed upon such terms as it may direct."  This provision is in harmony with section 6 of the Act of March 21, 1806, 4 Sm. Laws, 329.  While the latter act seems to have repealed this ancient statute, the provisions of the two, with reference to the amendment of pleadings, are so similar that the practice under the older act naturally illumines the practice under the new.  Under the Act of 1806, amendments were freely allowed, even during the trial of the case, up until the close of the evidence.

Counsel for the plaintiff cites the case of Greth *v.* Fisher, 29 Dist. R. 836, as authority for refusing such amendment.  It is to be observed that this case was decided upon a special rule of court which expressly prohibited the amendment proposed.  The right to file such amendment when the offer is made in good faith and the defendant is not guilty of laches is expressly recognized in Pangborn Corporation *v.* Blatt, 2 D. & C. 43, and in Double-Day Hill Electric Co. *v.* Egan, 3 D. & C. 478.  See, also, Savitz *v.* Massachusetts Bonding and Ins. Co., 26 Dist. R. 505; Ruth-Hastings Glass Tube Co. *v.* Slattery, 266 Pa. 288.

Of the numerous decisions to like effect directed to the Pleading Act of 1806, the following are in harmony with those already cited: Wood *v.* Kerkeslager, 227 Pa. 536; Andrews *v.* Blue Ridge Packing Co., 206 Pa. 370; Wall *v.* The Royal Society of Good Fellows, 179 Pa. 355.

It is to be noted that section 21 of the General Practice Act of 1915 already quoted provides that the court "may allow an amendment . . . upon such terms as it may direct."

In harmony with the foregoing authorities, we are of the opinion that the proposed amendment should be allowed, but upon condition that defendant pay the costs occasioned at the trial term.

Now, Sept. 2, 1924, rule to show cause why amended affidavit should not be allowed is hereby made absolute, upon condition that defendant pay the costs incurred and occasioned thereby.

From Otto Kohler, Meadville, Pa.